IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SETH HULETT, | § | |
|           **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:18-CV-1623-L-BK** |
| | § | |
| FEDERAL GOVERNMENT, et al., | § | |
|           **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process. Upon review of the relevant pleadings and applicable law, and for the reasons stated here, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

## I.     BACKGROUND

On June 21, 2018, Plaintiff, a pro se litigant and self-described representative of "We the People," filed a *pro se Complaint* against the Federal Government, Congress, and the President of the United States. Doc. 3 at 1. The first and fifth page of the complaint are handwritten and difficult to decipher. And while the remaining pages are typewritten, their content is nonsensical. Doc. 3 at 2-4. By way of example, Plaintiff asserts:

> To establish an uniform Rule of Naturalization, and uniform Laws on the subject of Bankruptcies throughout the United States;

> The Migration or Importation of such Persons as any of the States now existing shall think proper to admit, shall not be prohibited by the Congress prior to the Year one thousand eight hundred and eight,

> To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof

- Authorized the president to apprehend and deport resident aliens if their home countries were at war with the United States of America. Enacted July 6, 1798, and providing no sunset provision. the act remains intact today as 50 U.S.C. § 21

requests of congress, and the u.s. government through the constitution power to establish uniform Rule of Naturalization. not any rules on deportations, nor apprehending (unless in illegality), {due to habeaus corp

\* \* \*

We the People of the United States, in Order to form a more perfect Union, establish Justice, insure domestic Tranguility_, provide for the common defence. promote the general Welfare. and secure the Blessings of Liberty to ourselves and our Posterity_, do ordain and establish this Constitution for the United States of America.

an openborder policy, uniform rule of naturali, due to u.n. there is no longer a foreign State, in context of foreign, but\yet

\* \* \*

a legal brief: ending deportations, and allowing admittance,
clear 'nd deliberate interpretation reading of the u.s. constitution section 9, simply says
that States, now existing, may allow for migration any such persons that they think proper,
and that Congress may not prohibit any state, nor states from such importation, of any such
Persons they think proper, prior to year one thousand and eight, using phasics {after
acceptance of this constitution}

Doc. 3 at 2-3 (errors in original).  In short, the Complaint alleges no legally cognizable cause of action.

## II.     ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual

contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Plaintiff's contentions are legally and factually frivolous. *See Denton*, 504 U.S. at 33. Moreover, his allegations appear irrational and not credible. Accordingly, this case should be dismissed with prejudice as frivolous.

## III.   LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). For the reasons discussed herein, Plaintiff's claims are fatally infirm. Granting leave to amend under these circumstances would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on August 24, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE